UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **MARDEN'S ARK CORPORATION,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITEDHEALTH GROUP INCORPORATED,** a Delaware corporation,<br><br>*Defendant.* | Case No. 5:23-cv-708<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Marden's Ark Corporation ("Marden's Ark" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant UnitedHealth Group Incorporated ("UnitedHealth" or "Defendant") to stop its practice of placing prerecorded calls to cellular telephone numbers nationwide without consent and *after* consumers have instructed the Defendant stop calling, and to obtain redress for all injured by Defendant's conduct. Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## NATURE OF THE ACTION

1. Defendant UnitedHealth provides healthcare coverage and benefits services to consumers throughout the United States.[1]

2. Defendant made (and continues to make) repeated prerecorded telephone calls to cellular telephone subscribers without consent and *after* consumers have expressly requested that the calls stop in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. By making these prerecorded calls, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their cellular telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies cellular telephone subscribers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans. Furthermore, Defendant made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

---

[1] http://www.unitedhealthgroup.com/About.aspx.

4. The TCPA was enacted to protect telephone subscribers from prerecorded phone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease violating the TCPA, as well as an award of statutory damages to the members of the Classes under the TCPA as wells as costs.

## PARTIES

5. Plaintiff Marden's Ark is a non-profit corporation located in Youngsville, North Carolina.

6. Defendant UnitedHealth is a Delaware corporation with a principal place of business located at 9900 Bren Road East, Minnetonka, Minnesota 55343. Defendant conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

8. This Court has personal jurisdiction over Defendant because Defendant conducts business in this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Plaintiff is located in this District and because Defendant conducts business in this

3

District and the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

10. In recent years, companies such as Defendant have turned to prerecorded calling as a way to communicate with telephone subscribers concerning both marketing and informational calls.

11. In order to legally place prerecorded calls to cellular phone numbers it must receive the cell phone subscriber's prior express consent to do so for informational calls and written prior express consent for prerecorded marketing calls.

12. However, Defendant places prerecorded telephone calls to cell phone subscribers without their consent and *even after* they have expressly opted to not receive them.

13. Because these call recipients expressly requested that Defendant not call them, Defendant knowingly made (and continues to make) unsolicited prerecorded calls without the prior express consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Stop Call Class, but also intentionally and repeatedly violated the TCPA.

14. Complaints about Defendant's calling cellular telephone subscribers without consent and after they requested to not be called again are numerous:

- "United Health Care, reminding someone I've never heard of about an appointment. They call all the time from different numbers, but at least they leave a message. I've been through the wrong number thing with them and others in the past. They won't remove the number because I'm not the person who gave it to them. Until that person updates their records, the calls will continue. I just add the number to my blocked numbers list."[2]

- "do not have this insurance, get phone calls from this number all the time concerning someone I do not know...they gave my cell phone number as their phone number n I want to have it removed: REMOVE MY NUMBER 361-389-7273 immediately!!!"[3]

- "I constantly get "courtesy calls" from what they say is United Health Care. I contacted customer service to have my name put on the "do not call" list but calls still come in. Very annoying."[4]

- "Apparently repeatedly asking them to take my number off of their telemarketing list does no good."[5]

## FACTS SPECIFIC TO PLAINTIFF

15. Plaintiff is a non-profit corporation.

16. The Plaintiff's phone number begins with a North Carolina area code and the phone number ends in 9054.

17. This is not the first time that Defendant UnitedHealth has called this Plaintiff interrupting its work.

18. Over the time span of approximately three years, Plaintiff received repeated prerecorded telephone calls on its cellular telephone number from

---

[2] https://800notes.com/Phone.aspx/1-612-435-8142
[3] *Id*.
[4] https://800notes.com/Phone.aspx/1-612-435-8142/2
[5] *Id*.

5

UnitedHealth despite the Plaintiff opting out by pressing #2 multiple times according to UnitedHealth's own instructions on the calls, and despite the Plaintiff calling UnitedHealth and personally instructing an agent to stop calling the number.

19. The Plaintiff continued to receive so many calls that the Plaintiff initiated a TCPA lawsuit against UnitedHealth on June 24, 2019 which was ultimately settled and dismissed on February 9, 2021.

20. Yet despite all of this, UnitedHealth continues to call the Plaintiff's cell phone number.

21. On July 24, 2023 the Plaintiff received a call from UnitedHealth from the phone number 800-572-6295 at 9:39am.

22. When Plaintiff answered the call she heard a distinct prerecorded voice which said "Hello (pause), can I help you? Hel-hel-hello (paused) Hel-hello (pause). This is United Healthcare. We're calling today because we have some services we think you might be interested in. Call us back at this number. If you want more information…" Then the call ended.

23. The telephone number 800-572-9295 is owned or operated by Defendant.

24. Defendant did not have Plaintiff's consent to make prerecorded calls to its cell phone in the first place and certainly *after* Plaintiff expressly requested that the calls stop by among other things pressing a digit on its phone when prompted to

6

stop receiving the calls back in 2019 and calling Defendant then to also instruct them to stop the calls and by filing a lawsuit in 2019 specifically to stop the calls and by specifically telling the agents to stop calling the phone number.

25. By making unauthorized prerecorded telephone calls as alleged herein, UnitedHealth has caused cell phone subscribers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of its phone, and occupied its phone line and device. In the present case, a cell phone subscriber could be subjected to many unsolicited prerecorded telephone calls as UnitedHealth does not take care to ensure that the recipients of its prerecorded calls have given their prior express written consent to be called.

26. In order to redress these injuries, Plaintiff, on behalf of itself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded telephone calls to cellular telephones.

27. On behalf of the Class, Plaintiff seeks an injunction requiring UnitedHealth to cease all unsolicited prerecorded telephone calling activities and an award of statutory damages to the class members, together with costs.

7

Case 5:23-cv-00708-M-KS    Document 1    Filed 12/11/23    Page 7 of 14

## CLASS ALLEGATIONS

28. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of itself and all others similarly situated and seeks certification of the following Class:

> **Pre-recorded Class**: All persons in the United States to whom, from four years prior to the filing of this action through class certification, (1) Defendant or an agent on behalf of Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account with Defendant or their authorized representative, (3) with an artificial or prerecorded voice.

> **Stop Class**: All persons in the United States from four years prior to the filing of this action who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on their cellular telephone number, (3) using a prerecorded voice, (4) *after* Defendant's records reflect that the person indicated through Defendant's automated system or to Defendant's live representative that s/he no longer wished to receive calls from Defendant.

29. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or

8

released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

30. **Numerosity**: The exact size of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed prerecorded telephone calls to thousands of cellular telephone subscribers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendant's records.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to the following:

> (a) whether Defendant's conduct constitutes a violation of the TCPA;
>
> (b) Whether Defendants placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded Class without consent to make the calls;
>
> (c) whether Defendant made prerecorded telephone calls to members of the Stop Class after being instructed by members of the Stop Class to stop calling them; and
>
> (d) whether members of the Stop Class are entitled to treble damages based on the willfulness of Defendant's conduct.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor its counsel has any interest adverse to the Class.

33. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis.

A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Prerecorded Class)**

34. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

35. Defendant transmitted unwanted telephone calls to Plaintiff and the other members of the Pre-recorded Class using a pre-recorded voice message.

36. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded Class.

37. The Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of the Defendants' conduct, Plaintiff and the other members of the Pre-recorded Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Stop Class)**

38. Plaintiff incorporates by reference the paragraphs 1-33 of this complaint as if fully set forth herein.

39. Defendant made unsolicited and unwanted prerecorded calls to telephone numbers belonging to Plaintiff and the other members of the Stop Class on their cellular telephones after they had informed Defendant, orally and/or through the Defendant's automated prompt system, that they no longer wished to receive such calls from Defendant.

40. By making unsolicited telephone calls to Plaintiff and other members of the Stop Class's cellular telephones using a prerecorded voice after they requested to no longer receive such calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by doing so without prior express consent.

41. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Prerecorded Stop Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each such violation of the TCPA.

42. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded Stop Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel;

2. An award of money damages;

3. An order declaring that Defendant's actions, as set out above, violate the TCPA;

4. An injunction requiring Defendant to cease all unsolicited prerecorded calling activities, and otherwise protecting the interests of the Class; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**MARDEN'S ARK, INC.**, individually and on behalf of class of similarly situated individuals

Dated: December 11, 2023

By: /s/ Ryan Duffy
Ryan Duffy
The Law Office of Ryan P. Duffy, PLLC

1213 W. Morehead Street
Suit 500, Unit #450
Charlotte, North Carolina 28208
ryan@ryanpduffy.com
Telephone: (704) 741-9399

*Local counsel for Plaintiff and the Putative Classes*

Avi R. Kaufman
Kaufman P.A.
kaufman@kaufmanpa.com
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133

Phone: (305) 469-5881

*Counsel for Plaintiff and the putative Classes*