IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-cv-00708-M

MARDEN'S ARK CORP., and on behalf of all others similarly situated,

Plaintiffs,

v.

UNITEDHEALTH GROUP INCORPORATED,

Defendant.

ORDER

This matter comes before the court on Plaintiff's unopposed motion for final approval of a class action settlement [DE 36] and unopposed motion for a service award, attorneys' fees, and costs [DE 35]. The court held a fairness hearing on August 4, 2025, and granted both motions at that hearing. DE 37. This order memorializes the court's oral ruling:

1. Upon review of the record, the court finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it. Among other matters considered, the court took into account: (a) the complexity of Plaintiff's theory of liability and the risks involved in "wrong number" cases; (b) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (c) the amount of discovery that has occurred in the Action; (d) the relief provided to the Settlement Class; (e) the recommendation of the Settlement Agreement by counsel for the Parties; and (f) the absence of opt-outs from or objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

2. The court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and Defense Counsel resulting in the Settlement Agreement. These negotiations were presided over by an experienced mediator.

3. The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments.

4. Notice was provided to Settlement Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (a) fully and accurately informed Settlement Class Members about the action and Settlement Agreement; (b) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (c) provided procedures for Settlement Class Members to submit written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the Final Approval Hearing.

5. A copy of the notice provided by Defendant pursuant to 28 U.S.C. § 1715(b) has been filed, and the notice complies with the requirements of 28 U.S.C. § 1715(b).

6. Plaintiff and Class Counsel have fairly and adequately protected the Settlement Class's interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

7. For the reasons stated in the Preliminary Approval Order, *see* DE 34 at 2, and having found nothing that would disturb these previous findings, this court finds and determines that the proposed Settlement Class, as defined below, meets all of the legal

requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

8. Under the Settlement Agreement, Class Counsel is permitted to seek court approval of a Service Award for the Class Representative. A Service Award to Plaintiff of $5,000.00 is fair and reasonable in light of: (a) Plaintiff's risks in commencing this Action; (b) the time and effort spent by Plaintiff in litigating this Action; and (c) Plaintiff's public interest service.

9. Under the Settlement Agreement, Class Counsel is permitted to seek court approval of an award of attorneys' fees and reimbursement of documented and reasonable expenses and costs. Having considered the motion and considering the percentage of the fund, lodestar cross-check, the quality of representation provided and the results obtained, as well as a number of other factors (including the *Barber* factors), Class Counsel is awarded attorneys' fees of $615,500.00, and reimbursement of costs and expenses of $15,426.97, representing fair and reasonable compensation and reimbursement for Class Counsel's efforts in investigating, litigating, and settling this action.

10. All payments of attorneys' fees and reimbursement of expenses to Class Counsel in this action shall be made from the Settlement Fund, and the Released Parties shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses.

11. Reimbursement of up to $77,646.04 to the Settlement Administrator is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the settlement.

IT IS FURTHER ORDERED THAT:

1. The Settlement Class is certified as a class of:

    a. All regular users or subscribers to numbers assigned to wireless carriers which Optum Community Health Workers called as part of the Optum at Home program during the Settlement Class Period using an artificial or pre-recorded voice who were not members or subscribers of United Healthcare or that opted out of receiving calls from United Healthcare.

    b. Excluded from the Settlement Class are (1) The Judges presiding over this action and members of their families; (2) the Defendant, Defendant's respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded person(s).

2. This order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under the Preliminary Approval Order. This order does not bind persons or entities who submitted timely and valid requests for exclusion.

3. Plaintiff and all Settlement Class Members who did not properly request exclusion are deemed to have completely released and forever discharged the Released Parties for the Released Claims. The full terms of the release described in this paragraph are set forth in the Settlement Agreement and are specifically incorporated herein by this reference.

4. The Settlement Administrator is further directed to issue payments according to the terms and timeline stated in the Settlement Agreement.
5. No person or entity shall have any claim against Defendant, Defense Counsel, the Released Parties, Plaintiff, the Settlement Class Members, Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Settlement Agreement.
6. The court will retain jurisdiction over the action and the Parties for all purposes related to this settlement.

SO ORDERED this 6th day of August, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE